IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:08cv258-MHT |
| | ) | (WO) |
| RAY MARTIN, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION

The court now has before it the motion to proceed *in forma pauperis* filed by plaintiff Gene Coggins.

It is well-established that a two-step procedure should be followed in processing a *pro se* complaint filed *in forma pauperis*.

> "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under [28 U.S.C. §] 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, [28 U.S.C. §] 1915(d) allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the

>   defendant the inconvenience and expense
>   of answering a frivolous complaint."

Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981) (per curiam).* See also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985). The motion filed by Coggins satisfies the economic eligibility criterion of 28 U.S.C. § 1915(a). Accordingly, the case may be filed without prepayment of fees.

In his complaint, Coggins challenges the actions of state-court Judge Ray Martin. It has long been known that judges are not liable in civil actions for their judicial acts. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted) (judge is immune from suit for actions taken in his official capacity unless he acted in the "clear absence of all jurisdiction").

---

*   In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Coggins's complaint therefore should be dismissed before service on Martin pursuant to § 1915(e)(2)(B)(i)-(iii).  See <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).

An appropriate judgment will be entered.

DONE, this the 8th day of April, 2008.

     <u>/s/ Myron H. Thompson</u>
     **UNITED STATES DISTRICT JUDGE**